UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LITTLE,

    Petitioner,

v.                                            Case No. 8:03-CV-712-T-23MSS

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

Michael Little petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his 1977 state conviction for sexual battery. The petition was initially dismissed as time-barred (Doc. 4). The circuit court remanded (Doc. 29) and directed this court to address Little's claim of actual innocence. The respondent argues (Doc. 52) for enforcement of the time-bar. Despite his numerous filings (Doc. 8, 12, 27, 38, 43, 45, 47, 48, 49 & 53), Little failed to offer sufficient proof of actual innocence to warrant suspension of the statute of limitations. Out of an abundance of caution, Little was ordered (Doc. 62) to supplement his claim, and he was advised of the specific evidence needed to support his claim of actual innocence based on witness recantation. Little's responses (Doc. 69 & 70) still fail to support of his claim of actual innocence.

Little's limitations period expired in April of 1997, one year after passage of the Anti-Terrorism and Effective Death Penalty Act. *See Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Little asserts two arguments for suspension of the statute of limitations: actual innocence of the 1977 sexual

battery, and the trial court's lack of jurisdiction due to a defective information. Following this court's dismissal of the petition as time-barred, the circuit court issued a certificate of appealability limited to only the actual innocence issue.

> Whether the district court erred in dismissing appellant's habeas corpus petition as time-barred without first addressing his claim of actual innocence under Wyzykowski v. Dep't of Corrections, 226 F.3d 1213, 1218-19 (11th Cir. 2000)?

Order (Doc. 24). Little's alleged actual innocence is the only reviewable issue.[1]

> Although this court has not determined whether actual innocence, if proven by the petitioner, would suspend the limitations period, because the district court did not address Little's actual innocence before determining that his petition was time-barred, we VACATE AND REMAND with instructions to the district court to address the merits of Little's actual innocence claim.

Order at 6 (Doc. 28). The Eleventh Circuit has not recognized an actual innocence exception to the statute of limitations. See *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213, 1217 - 18 (11th Cir. 2000). However, *Wyzykowski* recognized that a petitioner is entitled to suspension of the statute of limitations only if the petitioner makes an adequate showing of actual innocence. *Wyzykowski*, 226 F.3d at 1218. Little fails in this regard.

Little's claim of actual innocence is based on certain witnesses having recanted their original testimony. Little was convicted by a jury in 1977 for sexual battery and sentenced to 99 years. Respondent's Exhibit 1 (Doc. 59). The sexual battery charge was based on the following criminal complaint:

> At approx. 2030 hrs on 24 March 77 while both the victim and the defendant were incarcerated at the Hillsborough Co. Stockade located on N. Clark St. in Hillsborough Co. Fla., the defendant forced the victim to have anal intercourse threatening to stab him with a ball point pen.

---

[1] The circuit court rejected review of Little's jurisdictional argument because the certificate of appealability was limited to the actual innocence issue. Order at 4, fn 4 (Doc. 28).

"Criminal Report" attached to Little's Notice of Filing Exhibit (Doc. 47). In 1981, Little successfully challenged his conviction in a state Rule 3.850 motion to vacate sentence during which proceeding he was represented by counsel and received an evidentiary hearing. The trial court issued the following order.

### FINDINGS OF FACT

1.   The defendant was convicted on July 26, 1977, of the offense of Sexual Battery in violation of Section 794.011(3), Florida Statutes, and on August 26, 1977, was sentenced to serve a period of 99 years.
2.   On October 20, 1990, the defendant filed his Motion to Vacate, Set Aside or Correct Judgment and Sentence.
3.   Hearings on Defendant's motion were held on October 24, 1980, November 20, 1980, December 12, 1980, and January 11, 1981.
4.   The defendant voluntarily submitted to polygraph examination on October 8, 1980, and December 15, 1980.
5.   The alleged victim (FLOYD STEVENSON TAYLOR) submitted to a polygraph examination on September 30, 1980.
6.   A subpoena for said victim to appear in this Court on January 16, 1981, was issued and served upon a member of said victim's immediate family on December 22, 1980.
7.   Said victim failed to appear on January 16, 1981.
8.   The evidence presented to this Court, unobjected to either by the State or the defendant, shows that the testimony of said victim at the defendant's trial was less than completely truthful.

It is the conclusion of this Court that:

### CONCLUSIONS OF LAW

1.   The evidence adduced at the hearings on the defendant's aforesaid motion demonstrates that the defendant was not guilty of the offense of Sexual Battery, as proscribed in Section 794.011(3),[2] Florida Statutes.
2.   The evidence shows beyond a reasonable doubt that the defendant was guilty of Sexual Battery, as proscribed in Section 794.011(4)[3] – a first degree felony.

---

[2] Sexual battery during which deadly forced is used or threatened, or physical force is actually used.

[3] Sexual battery during which the use of physical force is threatened.

-3-

> 3. The defendant's conviction and sentence entered on August 26, 1977, in Case No. 77-2063 should be set aside.
>
> It is therefore
>
> CONSIDERED, ORDERED AND ADJUDGED that the conviction, adjudication and sentence of MICHAEL J. LITTLES, also known as LITTLE, for Sexual Battery in violation of Se3ction 794.011(3), Florida Statutes, should be and they are hereby vacated and set aside. Said defendant is hereby adjudicated guilty of the offense of Sexual Battery in violation of Section 794.011(4), Florida Statutes, in Case No. 77-2063, and he is hereby sentenced to serve a period of ten years on probation, commencing January 16, 1981. The defendant shall not receive credit for any time served in custody prior to January 16, 1981. The defendant shall report to the Probation Office, Hillsborough County Courthouse Annex, Tampa, Florida, within 48 hours of his release from the custody of the Sheriff, Hillsborough County, Florida, exclusive of Saturdays, Sundays and holidays. The defendant, during his period of probation, shall violate no laws of the State of Florida and shall obey all lawful orders of his probation officer.
>
> It is further
>
> ORDERED that the Honorable WALTER C. HEINRICH, Sheriff of Hillsborough County, Florida release the defendant upon receipt of a true copy of this order. Let the Clerk serve copies of this order upon said WALTER C. HEINRICH, the Department of Corrections of the State of Florida, and upon such other agencies of the State of Florida and of the County of Hillsborough as may be necessary. Let the Clerk also serve a copy of this order upon the defendant, in care of the Sheriff of Hillsborough County, Florida.
>
> SO ORDERED in open court at the Hillsborough County Courthouse Annex, Tampa, Florida, this 16th day of January, 1981.

Order, Respondent's Exhibit 6 (Doc. 59). Consequently, Little's original 1977 conviction for sexual battery with the threatened use of deadly force (a ballpoint pen) was vacated in 1981 based on the trial court's credibility determination of the alleged victim. Instead, the trial court found Little guilty beyond a reasonable doubt of the lesser included offense of sexual battery with the threatened use of force <u>less than</u> deadly force. Because the trial court found Little

-4-

guilty of the lesser included offense, the trial court necessarily found the victim's "less than completely truthful" testimony was limited to the amount and/or type of force used or threatened and not to whether a sexual battery occurred.

The only evidence in the record supporting a claim of actual innocence is limited to the original conviction, which was vacated in 1981. Little's claims of actual innocence have been based on witness recantation, but he has never identified the witness nor the substance of the recantation, even though he was specifically advised to do so in the latest order (Doc. 62). Little has simply not presented any evidence to support a claim of actual innocence of the lesser included offense, which is the conviction challenged in this action; all known witness credibility problems related to the original, greater conviction, not the lesser included offense for which he is now incarcerated. Because he is unable to show actual innocence of the only remaining conviction (the 1981 conviction for sexual battery without the threat of deadly force), Little does not qualify for an actual innocence exception to the statute of limitations.

Accordingly, the petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. Little's motion (Doc. 71) to order the respondent to respond to his supplemental responses (Doc. 69 & 70) is **DENIED**. The clerk shall enter a judgment against Michael Little and **CLOSE** this action.

ORDERED in Tampa, Florida, on  July 1st , 2005.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

SA/ro

-5-